# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4781-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERIC CLEMENTE RANGEL,
a/k/a HUGO OLIVARES,

     Defendant-Appellant.

_____

Submitted June 18, 2019 – Decided July 12, 2019

Before Judges Koblitz and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 07-12-1534.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (John K. McNamara, Jr., Chief Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the January 10, 2018 order denying his motion for post-conviction relief (PCR) after oral argument and without a plenary hearing. Defendant, who was found by police brutally sexually assaulting a high school senior in April 2007, and subsequently convicted at trial, claims his trial counsel was ineffective for not providing him with copies of some of the discovery, which he now says might have convinced him to accept the plea agreement offered by the State. He also alleges trial counsel was ineffective by failing to have the defense expert interview the victim. After reviewing the record in light of the contentions advanced on appeal, we affirm.

Our Supreme Court reviewed in detail the strong evidence produced by the State during trial. State v. Rangel, 213 N.J. 500, 503-04 (2013). After significant appellate history, defendant remains convicted of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); and fourth-degree obstruction of justice, N.J.S.A. 2C:29-1. He is serving an aggregate sentence of seventeen years in prison, subject to the eighty-five percent parole disqualifier of the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA), followed by three years of parole supervision.

Defendant raises the following issues on appeal:

> POINT I: THE PCR COURT ABUSED ITS
> DISCRETION BY DENYING DEFENDANT'S PCR

PETITION AND REFUSING TO HOLD AN EVIDENTIARY HEARING WHERE DEFENDANT ESTABLISHED A PRIMA FACIE CASE THAT HIS TRIAL COUNSEL'S REPRESENTATION WAS DEFICIENT UNDER STRICKLAND BECAUSE COUNSEL FAILED TO PROVIDE PETITIONER WITH DISCOVERY AND FAILED TO HAVE P.F. INTERVIEWED BY THE DEFENSE EXPERT, CAUSING PETITIONER TO NOT BE FULLY INFORMED WHEN HE DECIDED TO PROCEED TO TRIAL AND RESULTING IN PETITIONER'S CONVICTIONS FOR MULTIPLE OFFENSES.

A. FAILURE TO PROVIDE DISCOVERY TO DEFENDANT.

B. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO HAVE P.F. INTERVIEWED BY DR. VERDON.

Where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's determination de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). A PCR petitioner carries the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002). To sustain that burden, the petitioner must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

We apply the Strickland-Fritz[1] standard to a defendant's claims of ineffective assistance by both trial and appellate counsel. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007). The defendant must demonstrate that his counsel's representation "fell below an objective standard of reasonableness," and "the defense was prejudiced by counsel's action or inaction." Ibid. There must be a reasonable probability that without the unprofessional errors the result would have been different. Id. at 514; see also State v Chew, 179 N.J. 186, 203-04 (2004).

"In order for a claim of ineffective assistance of counsel to entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough -- rather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 311-12 (2014) (quoting State v. Porter, 216 N.J. 343, 355 (2013)).

Defendant claims that had his attorney furnished him with a complete copy of discovery prior to trial, he would have accepted the State's pre-trial offer of a maximum exposure of nine years in prison with NERA in exchange for a guilty plea. Defendant alleged through counsel at the PCR hearing that, prior to

---

[1] Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test in New Jersey).

trial, he did not receive a copy of the 9-1-1 tape of the victim's call to the police or the grand jury transcript, nor see the victim's clothes or photographs of her taken after the assault. He did not deny knowing about the existence of these pieces of evidence, which were discussed at pretrial hearings. He also did not deny receiving all other discovery, including the police reports and medical records of the victim, whose nose was broken during the assault. Defendant's "bald assertion" that possession of those pieces of evidence would have convinced him to plead guilty, when he was well aware that the police pulled him off the victim after she called them to the scene, is unconvincing and does not necessitate an evidentiary hearing. See Jones, 219 N.J. at 311-12.

Defendant's other claim, that his expert witness should have interviewed the victim, is speculative. The victim was attacked as she was returning from a birthday party. Her urine tested positive for alcohol and cannabis metabolites at the hospital. Dr. Verdon, the defense expert witness, testified only at a Rule 104 hearing. He testified that the cannabis metabolites in the victim's urine could indicate that she was unable to accurately perceive and recall the assault, depending on when she ingested the cannabis. The trial judge admitted the evidence through medical personnel that the victim tested positive for alcohol, but not the cannabis evidence. This pre-trial evidentiary ruling was not raised

as an issue on direct appeal. See R. 3:22-4 (barring any ground for post-conviction relief "not raised . . . in any appeal" unless the issue "could not have reasonably have been raised," preclusion "would result in fundamental injustice," or "denial of relief would be contrary to a new rule of constitutional law"). The victim told medical personnel she had been drinking, so her impairment was not contested. At trial, defense counsel cross-examined her extensively about this issue as well as conflicts in her prior statements.

No certification from the expert or the victim was proffered by defendant at the PCR hearing. Defendant speculated that had the expert been permitted to interview the victim, the expert would have determined when she ingested cannabis, and would have been allowed to so testify, which then would have caused the jury to reach a different verdict. The jury knew the victim had been drinking at a party. Given the overwhelming evidence of defendant's guilt, and the speculative nature of the cannabis evidence, we see no need for a hearing as to this claim.

The PCR judge properly dismissed defendant's claims of ineffective assistance of counsel as "bald assertions" absent any basis in logic or fact.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6